[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13571

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NETTISIA MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00344-RAH-KFP-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Nettisia Mitchell was sentenced to 120 months' imprisonment for conspiring to commit sex trafficking. As part of her plea agreement, Mitchell agreed to waive her right to direct and indirect appeal, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Despite that agreement, Mitchell now appeals her sentence, arguing that the magistrate judge's failure to specifically inform her of the exceptions to that waiver render it invalid. Even if the waiver applies, she contends that we should nevertheless consider her appeal because her counsel rendered ineffective assistance. Because she believes she can appeal her sentence, Mitchell then argues that the district court erred by denying her a sentencing reduction for only playing a minor role in the offense.

We dismiss Mitchell's minor role claim because she knowingly and voluntarily waived her right to appeal on that basis and because her claim for ineffective assistance of counsel does not permit us to consider all claims on appeal. To the extent Mitchell raises an independent claim for ineffective assistance of counsel, we affirm the district court because her attorney was not deficient. Accordingly, we dismiss in part and affirm in part.

## I.

Mitchell first argues that her waiver of right to appeal is invalid because the magistrate judge failed to explicitly mention the waiver's exceptions when accepting her guilty plea.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). Waivers are valid "if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *Johnson*, 541 F.3d at 1066. For its questioning of the defendant to be complete, the district court does not need to explicitly address the exceptions to the waiver. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). Rather, to determine whether an appeal waiver was knowing and voluntary, we must ask "whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *Id.* (cleaned up) (quoting *Bushert*, 997 F.2d at 1352–53). And in assessing a defendant's understanding, there is a strong presumption that statements made during a sentencing colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Mitchell's appeal waiver was knowing and voluntary. Although the court did not explicitly address the exceptions, it was not required to because "the record makes clear that the defendant otherwise understood the full significance of the waiver." *Johnson*, 541

F.3d at 1066. At the plea hearing, the government reviewed the terms of the agreement on the record, noting that Mitchell waived her right to appeal and collaterally attack with just two exceptions: prosecutorial misconduct and ineffective assistance of counsel. Mitchell stated that she understood the entire plea agreement. She also said she understood the court's admonition that she "waived or g[ave] up [her] right to appeal or collaterally attack all or part of [her] sentence." Accordingly, Mitchell's appeal waiver is valid.

## II.

Mitchell next argues that, even if the waiver is valid, we should still reach the merits of her minor role claim because her counsel rendered ineffective assistance, which is an exception to the waiver. She contends that her counsel's ineffective assistance "permit[s] this Court to reach the merits" of her minor role claim.

We review claims of ineffective assistance of counsel *de novo*. *Bushert*, 997 F.2d at 1350. And in cases involving appeal waivers, we determine whether the waiver's exceptions apply claim by claim. *See, e.g.*, *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015) (determining that claims are not barred when each one falls within an exception to the appeal waiver).

To the extent Mitchell argues that she can bring any claim on appeal so long as it is in some way factually related to an allegation of ineffective assistance, we disagree. We apply appeal waivers based on the nature of each claim, not the overall nature of an appeal or what other issues are presented therein. Simply raising a claim that is exempt from the waiver, therefore, does not open the

door for us to consider the merits of all other claims on appeal. Accordingly, her minor role claim is still barred by the waiver.

To the extent Mitchell raises her ineffective assistance claim independent from her minor role claim, that argument also fails. We ordinarily do not address a claim for ineffective assistance of counsel on direct appeal because the record is usually incomplete or inadequate for resolving that issue. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (explaining that the preferred method is 28 U.S.C. § 2255 motions). But this is a rare case in which the record is sufficiently complete to permit our review. *See United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). The entirety of the allegedly deficient assistance occurred during a hearing on the record and was immediately followed by the allegedly prejudicial calculation of Mitchell's guideline range. Accordingly, despite being on direct appeal, we will consider Mitchell's ineffective assistance of counsel claim.

Mitchell argues that her attorney was ineffective for two reasons: (1) he failed to cite the guidelines when arguing for a minor role reduction, and (2) he failed to object to a probation officer's allegedly incorrect statement of law during the sentencing hearing.

A claim for ineffective assistance of counsel has two elements: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because "there is a strong presumption in favor of competence," Mitchell must establish "that no competent counsel would have taken the action that [her] counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000); *see also Turner v. Crosby*, 339 F.3d 1247, 1276 (11th Cir. 2003).

Mitchell's counsel was not deficient for failing to cite to the sentencing guidelines when arguing that Mitchell was entitled to a minor role reduction under Section 3B1.2(b). Her attorney objected to the lack of a minor role adjustment in the presentence report and specifically requested the court apply the two-level reduction. And, in agreement with that request, the government walked the district court through the guideline factors and explained why Mitchell should receive the adjustment. After the government concluded, Mitchell's attorney provided additional facts as to why the court should grant their request. Electing to add to—rather than repeat—the government's arguments does not constitute deficient performance.

Neither does her counsel's failure to object to the probation officer's comments constitute deficient performance. The probation officer recommended against the adjustment, stating that it was not "appropriate" because Mitchell "was only held accountable for her part in the conspiracy." This statement is ambiguous. It could be construed as saying Mitchell was *ineligible* for the adjustment, which is legally incorrect. *See* U.S.S.G. § 3B1.2 cmt. 3. But it

could just as well be that the probation officer was opining that the adjustment was simply *unwarranted* because Mitchell was being held accountable for only her conduct—which is a permissible factor for the court to consider when deciding a minor role adjustment. *See United States v. Presendieu*, 880 F.3d 1228, 1250 (11th Cir. 2018). Because of the statement's ambiguity and the "strong presumption in favor of competence," we cannot say "that no competent counsel would have" failed to object. *Turner*, 339 F.3d at 1276; *Chandler*, 218 F.3d at 1315. Because Mitchell's deficient performance argument fails, we need not consider any prejudicial effect. Accordingly, we affirm the district court.

## III.

**DISMISSED IN PART AND AFFIRMED IN PART.**